## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **VEOLA MOMON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **Civil Case No.:** |
| | ) |
| **BOBBY DODD INSTITUTE, INC.** | ) |
| | ) |
|     **Defendant.** | ) |
| _____ | ) |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, VEOLA MOMON (hereinafter "Plaintiff" or "Momon") and files her complaint against Defendant, BOBBY DODD INSTITUTE, INC. (hereinafter "Defendant" or "BDI") and in support she states the following:

### NATURE OF THE ACTION

1. This is an action for monetary damages pursuant to the Age Discrimination in Employment Act 29 U.S.C. §§ 621, *et seq*. ("ADEA"), the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq*. ("FMLA"), and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADAA") to redress Defendant's discrimination against Plaintiff

1

because of her age, disability, utilization of protected medical leave, and its retaliation against Plaintiff leading to her constructive discharge.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA, ADEA, and FMLA.

3.   This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5.   Plaintiff is a citizen of the United States and at all times material was a citizen of the State of Georgia, residing in Fulton County.

6.   Defendant, BDI is a Domestic Nonprofit Corporation with its principal place of business in Atlanta, GA.

7.   Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On or about March 4, 2019, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on age and disability.

10. Plaintiff's EEOC charge was filed within one hundred and eighty days after the unlawful employment practices occurred.

11. On August 7, 2020, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

12. This complaint was filed within ninety (90) days of the EEOC's issuance of the Dismissal and Notice of Rights

## FACTUAL ALLEGATIONS

13. Plaintiff began her employment with Defendant on or about July 2012 as a Switchboard Operator at the DeKalb Medical Center and was transferred in August 2012 to work at Defendant's AbilityOne contract with the Atlanta Veteran Affairs Medical Center ("Atlanta VAMC").

14. Plaintiff retained the position of Switchboard Operator throughout the duration of her employment.

15. Plaintiff was a full-time employee with defendant and on average worked between thirty-five to forty hours per week.

16. Plaintiff's job duties as a Switchboard Operator included screening and routing incoming calls using electronic attendant console, providing instructions and assistance to callers within and outside the medical center, and answering emergency calls and alarms.

17. Plaintiff first notified Defendant of her disability in August 2011. Plaintiff again informed Defendant in July 2014 and provided a letter from her treating physician which requested she be permitted to park closer to her work location in order to "limit the amount of walking needed to report for her work shift."

18. In October 2018 Atlanta VAMC's property went under construction for renovations including the parking lot in front of the facility where Plaintiff parked to enter the workplace.

19. At this time, Plaintiff notified Defendant again of her need for a reasonable accommodation due to her disability. Plaintiff has a prosthesis from a right Internal hemipelvectomy due to chondrosarcoma and her mobility, specifically walking, is limited due to this condition.

20. Plaintiff requested the reasonable accommodation of being permitted to work at the Admin-One building as opposed to the Main Campus as the walking

requirements from the parking lot to the facility was much less at the Admin-One building.

21. It would not have been an undue hardship for respondent to grant Plaintiff's request for a reasonable accommodation as there were always two Switchboard Operator seats open at the Admin-One building, including one seat that was filled full-time by Floyd Green (under 40, non-disabled).

22. Mr. Green was assigned a seat at the Admin-One building to limit the number of steps he had to take to get to his workspace. Mr. Green's accommodation request was granted even though the reason for his request was due to his obesity which is not a formally recognized disability.

23. Even though the requested accommodation would not have been an undue hardship and Defendant had provided a similar accommodation to a non-disabled individual, Defendant refused to accommodate Plaintiff.

24. Due to Defendant's refusal to accommodate Plaintiff she was forced to continue to walk the extended distance to her workplace which was exacerbating her condition.

25. Several months later Mr. Green left his position with Defendant and Plaintiff reiterated her prior accommodation request and asked Sylvie Cox to be

transferred to work in the location and position Mr. Green had just left vacant. Plaintiff's request was again denied.

26. Further, Ms. Cox went on to rotate younger employees with less seniority to work in the Admin-One building while denying Plaintiff the same opportunity. Two such individuals include Georginia Hathorn and Adrienne Brito.

27. Plaintiff also requested other accommodations which were also denied including, but not limited to, a request to be permitted to work from home and a request for access to a section of the parking lot closer to the Main Campus.

28. On February 7, 2019, Plaintiff notified Defendant that she needed to utilize FMLA leave for her own serious health condition and she began her leave on this date.

29. Plaintiff submitted her application for FMLA leave, wherein her physician outlined that Plaintiff had suffered from a heart attack and she required continuous leave through May 6, 2019.

30. In or around March 2019, Plaintiff provided Defendant with a doctor's note, stating "Ms. Momon is restricted in ambulation due to the extent of the prosthesis reconstruction of her hip. Please allow Ms. Momon to park closer in order to limit the amount of walking needed to report for her work shift."

31. On or about March 4, 2019 Plaintiff filed her charge of discrimination based on age and disability with the EEOC.

32. On June 17, 2019 Plaintiff emailed Stephanie Bolton, Vice President Human Resources, notifying her that she would not be able to return to work without an accommodation and Plaintiff made several suggestions.

33. Defendant refused to engage in the interactive process with Plaintiff and instead only gave her the option of applying for alternate positions with the company. However, Plaintiff would have had the same issues as Defendant was continuing to deny her need for an accommodation.

34. Defendant's refusal to accommodate Plaintiff and engage in the interactive process caused her constructive discharge.

### Count I: Disability Discrimination under the ADAAA

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

36. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADAAA.

37. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADAAA.

38. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

39. Plaintiff was able to perform the essential functions of her job at the time of her separation.

40. Defendant is prohibited under the ADAAA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

41. Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout her employment based on her disability, thereby resulting in Plaintiff's unlawful termination.

42. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADAAA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

43. Defendant's unlawful conduct in violation of the ADAAA was outrageous and malicious, was intended to injure Plaintiff, and was done with

8

conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II: Retaliation in Violation of the ADA

44. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

45. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADAAA.

46. At all times relevant to this action, Plaintiff was a qualified employee within a disability under the ADAAA.

47. Defendant intentionally retaliated against Plaintiff based on her request for reasonable accommodations and use of protected medical leave pursuant to her disability.

48. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADAAA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

49. Defendant's unlawful conduct in violation of the ADAAA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count III: Retaliation in Violation of the FMLA

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

51. Plaintiff was an employee eligible for protected leave under the FMLA.

52. Defendant is and was an employer as defined by the FMLA.

53. Plaintiff exercised or attempted to exercise her rights under the FMLA.

54. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

55. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

56. Plaintiff was injured due to Defendant's willful violations of the FMLA and she is entitled to legal relief.

### Count IV: Age Based Discrimination in Violation of the ADEA

57. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

58. Defendant engaged in intentional age discrimination with respect to the terms, conditions, or privileges of Plaintiff's employment.

59. Defendant's conduct violated the ADEA.

60. Defendant's discriminatory conduct, in violation of ADEA has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

61. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

62. Defendant willfully engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
/s/ Gabrielle E. Klepper
Gabrielle E. Klepper
Georgia Bar No.: 92815
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 126
F: (866) 580-7499
gabrielle.klepper@spielbergerlawgroup.com

*Counsel for Plaintiff*